Battle, J.
 

 The prisoner was found guilty at the last Term of the Superior Court for the county of Chatham, upon a bill of indictment, containing several counts charging him with stealing a slave named Dick, the property of John U. Kirkland. His counsel filed a bill of exceptions for two errors alleged to have been committed on the trial by the presiding Judge, which upon his appeal are brought before us for our determination.
 

 The first supposed error relates to the notice to produce the bills of sale, which were shown to have been in the prisoner’s possession, and which notice, it is contended, was not given to
 
 *85
 
 him. in proper time. The rule in such cases is, that notice must be given in a reasonable time; but what shall be deemed a reasonable time, must depend on the circumstances of each particular case. Rosdoe’s Crim. Ev. 11, and the cases there cited. The object of the notice being, not to
 
 compel
 
 the party to produce the papers, for that the Court has no right to do, but to enable him, by having them ready, to protect himself against the possible falsity of the secondary, evidence ; the inquiry in each case must be, did he have time, under all the circumstances with which he was surrounded, to procure the papers and have them ready at his trial: The answer will depend upon the proof, as to the extent and efficiency of the means which he can command within a given time, for the accomplishment of the desired object. -
 

 In the case now under consideration, the bill of indictment was found and the prisoner arraigned at the September Term of 1854, of Orange Superior Court, which commenced on the 11th day of that month. The transcript of the record before us, does not show on what day of the Term, the plea of not guilty was entered, and issue joined between^the prisoner and the State. Supposing it to have been on the first day of the Term, that was the earliest day on which notic.e could have been .served, because until that time there was no judicial certainty that any trial would take place. If a trial was to be had at that Term, as the prisoner had a right to insist, a notice served on that day must have been deemed sufficient; but it was not served until three days afterwards, to wit, on the 14th; a delay which might have prevented the State from giving the secondary evidence at that Term. The prisoner, however, for good cause shown, declined a trial in Orange county, and removed his cause to the adjoining County of Chatham, where he was tried on the 19th day of the same month. Whether the notice which he received on the 14th, would have been sufficient for his trial in Chatham, is unnecessary for us to decide, as the Solicitor, out of abundant caution, after the order for removal was made, caused another notice to-be served the next day, with direct reference to the trial in the latter
 
 *86
 
 County. That notice, we think, was given in sufficient time. The papers must, in the absence of proof to the contrary, be supposed to have been in the prisoner’s possession, about his person, or at his dwelling house. He has a right to the supposition that they were at the latter place, which is four and a half miles from the jail where he was confined ; he could not go and fetch them himself, because the law required that he should be kept in close custody ; he must therefore, of necessity, have used other means to procure the papers, or it must be ruled that in capital cases, where the party is not entitled to bail, the State’can never give secondary evidence of papers which the prisoner chooses to withhold. "We think that the time which intervened between the service of the second notice on Friday and the Monday following, when the prisoner was removed from the county, was amply sufficient for him to have sent for the papers, through the agency of some relation or friend ; and we think further, that if no person would undertake the agency voluntarily, the Court would, upon a proper application, have made an order upon one of its officers to get the papers and hand them to the prisoner. If he should, under such circumstances, have failed to procure the papers, it would no doubt have been good ground for a continuance of this cause ?
 

 The second error assigned in the bill of exceptions is the the ruling of the Judge upon the effect of the separation of two of the j urors from their fellows, after they were charged with the prisoner’s case, and before their verdict was rendered. The question raised by this exception we cannot now consider or treat as an open one; since the cases of the
 
 State
 
 v.
 
 Miller,
 
 2 Dev. and Bat. Rep. 500, and
 
 State
 
 v.
 
 Tilghman,
 
 11 Ired. Rep. 513, where the subject was so fully and elaborately discussed and decided against the prisoner, we must regard it as definitively settled, that the question is one addressed to the sound discretion of the Judge who presided on the trial, and is not the subject of an appeal to this Court.
 

 In the event of the application for a new trial being unsuccessful, as it has been, the prisoner’s counsel have submitted a
 
 *87
 
 motion here, in arrest of tbe judgment. The ground of the motion is, that the 10th sec. of the 34th chap, of the Revised Statutes upon which some of the counts of the indictment are framed, has been repealed by the 87th chapter of the Act of 1852, entitled
 
 “
 
 An Act to prevent the stealing, taking, or conveying away of slaves,” and that the latter Act is so unmeaning that no jxidgment can be pronounced upon either of the counts founded on it.
 

 We admit that owing, as we suppose, to a mistake in enrolling the Act, it is difficult to put a sensible construction upon it; but we do not think that it repeals the former Act, or at all affects any indictment framed upon it. The latter was manifestly intended to be an addition to, and not to supersede, the former act. It was intended to embrace cases which were supposed not to be within the provisions of the formed, to wit, cases where the owner was not in the actual or constructive possession of the slave at the time when he was stolen, &c., or where some other person was in possession of such slave at that time. It was also intended by the second section to simplify the indictment in such cases by making it unnecessary to set out, or aver how, or with whom, was the possession, direction or control of the slave, at the time of the commission of the offence. There is no clause in the, latter Act repealing the
 
 former;
 
 nor, indeed, is there any reference to it in any way : hence, we conclude, that the two Acts may well stand together; and that consequently, the latter is not an implied repeal of the former. The counts framed upon the former, or at least some of them, are clearly good, as will be seen by reference to the opinion of this Court in the
 
 State
 
 v. Williams, 9 Ired. Rep. 140, and any one good count will sustain the judgment.
 
 State
 
 v. McCanless, 9 Ired. Rep. 375. The motion in arrest is therefore overruled.
 

 It must be certified to the Court below, that there is no error in the record.
 

 Judgment affirmed.
 

 Pek Cueiam.'